Filed 10/1/15  P. v. Ramirez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE RAMIREZ,<br><br>    Defendant and Appellant. | A140980<br><br>(Alameda County<br>Super. Ct. No. 89032231A) |

Jesse Ramirez is the subject of a mental health conservatorship under the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000 et seq., 5350 et seq.) (the Murphy conservatorship).  Ramirez contends the evidence is insufficient to support the authorization for the conservator to require him to submit to treatment.  We shall dismiss the appeal as moot.

This is the second time Ramirez's Murphy conservatorship has been before us.  In Ramirez's prior appeal (*People v. Ramirez* (July 31, 2014, A138461) [nonpub. opn.] (*Ramirez I*)), we affirmed in part and reversed in part an order appointing a conservator. We quote from our opinion in *Ramirez I*:

### I.  MURPHY CONSERVATORSHIP

Pursuant to Penal Code section 1367, a criminal defendant who is mentally incompetent, that is, unable to understand the nature of the proceedings or assist counsel in the defense, cannot be tried.  Under our state's statutory scheme in such cases, "[a] defendant who, as a result of a mental disorder, is adjudged not competent to stand trial on a felony charge may be committed to a state hospital for no more than three years.

1

([Pen. Code,] §§ 1367, subd. (b), 1370, subds. (a), (c); *People v. Karriker* (2007) 149 Cal.App.4th 763, 780 [(*Karriker*)].) If, at the end of the three-year period, the medical staff determines there is no substantial likelihood the defendant will regain mental competence in the foreseeable future, the defendant must be returned to the court for further proceedings. [Citations.] The three-year period under section 1370, subdivisions (a) and (c), applies to the aggregate of all commitments for treatment for incompetency regarding the same charges. [Citation.] [¶] Once an incompetent defendant has been committed for the maximum commitment period, if it appears to the court that the defendant is 'gravely disabled,' the court shall order the conservatorship investigator to initiate a 'Murphy conservatorship.' (*People v. Karriker*, *supra*, 149 Cal.App.4th at pp. 775–777, 781; see [Pen. Code,] § 1370, subd. (c)(2); Welf. & Inst. Code, § 5008, subd. (h)(1)(B).) The court may impose a Murphy conservatorship if it finds the defendant, as a result of a mental disorder, ' "represents a substantial danger of physical harm to others." ' [Citations.] Alternatively, the court can dismiss the charges and order the defendant released, without prejudice to the initiation of alternative commitment proceedings under the Lanterman-Petris-Short Act. [Citations.]" (*People v. Reynolds* (2011) 196 Cal.App.4th 801, 806, fn. omitted.)

Such a conservatorship automatically terminates after one year; if the conservator determines a conservatorship is still required at that point, the conservator may petition the superior court for reappointment for another one-year period. (Welf. & Inst. Code, § 5361; *Karriker*, *supra*, 149 Cal.App.4th at p. 778.)

## II. BACKGROUND

Ramirez was charged with three counts of arson: two counts of arson in that he caused to be burned separate structures on Telegraph Avenue in Berkeley (Pen. Code, § 451, subd. (c)), and one count of arson of property of another in that he burned or caused to be burned property on Telegraph Avenue in Berkeley (Pen. Code, § 451,

subd. (d)).[1]  According to a report prepared by Ramirez's conservator, these events took place in 2006, and in 2007 Ramirez was found incompetent to stand trial and hospitalized at Napa State Hospital.  In 2008, the hospital concluded that, due to the cumulative effects of schizophrenia and brain damage, he remained incompetent to stand trial, and recommended a conservatorship.  In 2009, Ramirez was evaluated and found to be both incompetent and dangerous and placed on a Murphy conservatorship.  The conservatorship was renewed in 2010 and 2011.  [We end our quotation from *Ramirez I*.]

The Murphy conservatorship was again renewed in 2013, and the resulting order was the subject of the appeal in *Ramirez I*.  Ramirez made three main claims there.  First, he argued that the evidence did not support the finding that he was gravely disabled for purposes of section 5008, subdivision (h)(1)(B), because it did not show the crimes of which he was accused involved death, great bodily harm, or a serious threat to a person's physical well-being.  We concluded that because this issue had necessarily been decided against Ramirez when the Murphy conservatorship was first established, the doctrine of collateral estoppel barred him from relitigating it.

Second, Ramirez contended the evidence did not support the trial court's grant of authority to require him to submit to care related to his grave disability, including the authority to consent to the use of psychotropic medications.  We concluded the evidence was ample to support the order.

Third, Ramirez contended the evidence did not support the order to the extent it allowed the conservator to authorize routine medical treatment.  On the record before us at that time, we agreed with Ramirez and reversed the order to that extent.

While *Ramirez I* was pending, the conservator filed another petition for reappointment, and a hearing on the petition took place on January 29, 2014.  The trial court extended the Murphy conservatorship.  Among its findings, the court found that

---

[1] The record on appeal does not contain the records of the underlying case.  This summary of the charges is based on statements made by the trial court, apparently while reviewing the charging document.

3

Ramirez faced charges involving death, great bodily harm, or serious threat to the physical well-being of another person; that by reason of his mental disorder, he represented a substantial danger of physical harm to others; and that by reason of his mental disorder, he was incompetent to give or withhold informed consent regarding treatment with psychotropic medication and to refuse or consent to medical or surgical treatment unrelated to his mental disorder. The court therefore gave the conservator authority to require Ramirez "to receive treatment related specifically to remedying or preventing the recurrence of [his] grave disability, including giving consent to the use of psychotropic medications, and . . . the authority to authorize routine medical treatment." This order is the subject of the current appeal.

### III. THE APPEAL IS MOOT

Ramirez filed his opening brief in this appeal before we issued our decision in *Ramirez I*, and he raised the same three issues that he had in his first appeal. In his reply brief, he conceded that our opinion in *Ramirez I* disposed of his contention that he was not gravely disabled for purposes of Welfare and Institutions Code section 5008, subdivision (h)(1)(B), but continued to maintain that the evidence presented at the most recent hearing did not support the grant of authority to authorize both routine medical treatment and treatment related to his grave disability.

The order provided that the conservator's appointment would automatically terminate on December 2, 2014. With that in mind, we asked the parties to submit supplemental briefing on the question of whether the appeal is moot. Having considered the supplemental briefs, we shall now dismiss the appeal as moot.

"Even if a conservatorship terminates prior to appellate review, the appeal is not moot if it raises issues that are capable of repetition yet avoiding review. [Citation.] In addition, the continuing stigma of wrongful commitment, which continues even after the commitment has ceased, is grounds for entertaining an appeal." (*Conservatorship of Carol K.* (2010) 188 Cal.App.4th 123, 133.) In that case, "[t]he issue is not moot, because ' " collateral consequences remain even after the conservatorship has been terminated." [Citations.]' [Citation.]" (*Ibid*.) Moreover, it may be appropriate to

4

consider an otherwise moot appeal where it raises a question of general interest that is likely to reappear in the future.  (*Conservatorship of Manton* (1985) 39 Cal.3d 645, 647, fn. 1.)

In *Ramirez I*, we noted that the conservatorship at issue had expired and the appeal was therefore technically moot, but considered the appeal on the merits because it raised "issues that are capable of recurring, yet evading review because of mootness." (*Conservatorship of George H.* (2008) 169 Cal.App.4th 157, 161, fn. 2.)  The different procedural stance of the case now persuades us to reach a different conclusion with respect to this appeal.

First, in *Ramirez I*, we disposed of one of the issues in the current appeal— whether Ramirez was gravely disabled—and gave the trial court guidance on the question of the propriety of authorizing the conservator to require Ramirez to submit to both routine medical treatment and treatment of his grave disability.  At the time the court made the order before us now, we had not yet issued our opinion in *Ramirez I*.  In any further proceedings, the parties and the court will take our decision into account and, as a result, the issues raised in any future appeal will differ from those in this appeal.

Nor do any of the other exceptions to mootness apply here.  Because Ramirez was the subject of a conservatorship continuously since 2009, he is unlikely to suffer additional stigma from the most recent renewal of the conservatorship.  (See *Conservatorship of Carol K.*, *supra*, 188 Cal.App.4th at p. 133.)  And the appeal does not raise issues of general interest that are likely to reappear.  (*Conservatorship of Manton*, *supra*, 39 Cal.4th at p. 647.)

Finally, the Attorney General has informed us that no petition to extend Ramirez's commitment was filed when the conservatorship expired in December 2014.  Although Ramirez's counsel, in his letter brief, states that it was his understanding that Ramirez "has not been released," he acknowledges that the appeal is technically moot.

In the circumstances, it does not appear to us that we can grant Ramirez any effective relief, and none of the bases to consider an otherwise moot appeal are applicable here.

5

## IV.  DISPOSITION

The appeal is dismissed.

 

                                       _____

                                       Rivera, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.

7